IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>ALEXANDER ELLIOTT KAHN and<br>KATHERINE ELIZABETH KAHN | Chapter 13<br><br>Case No. 19-67743-SMS |
| COLLETTE MCDONALD and<br>COLLETTE MCDONALD &<br>ASSOCIATES, LLC,<br><br>    PLAINTIFFS,<br><br>v.<br><br>ALEXANDER ELLIOTT KAHN,<br><br>    DEFENDANT. | Adversary Proceeding<br><br>Case No.: |

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT**

Plaintiffs Collette McDonald and Collette McDonald & Associates, LLC (collectively "McDonald" or Plaintiffs") file their Complaint objecting to the dischargeability of Plaintiffs' claims against Debtor/Defendant Alexander Elliott

Kahn ("Defendant"), debtor in the above-captioned bankruptcy case, showing this Court as follows:

## I. PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Collette McDonald is a Georgia resident.

2.

Plaintiff Collette McDonald & Associates, LLC is a Georgia Limited Liability Company.

3.

Defendant is an individual and a resident of Atlanta, DeKalb County, Georgia. Defendant may be served with process at his home address of 3977 Saint Clair Court, NE, Atlanta, Georgia 30319, or wherever he may be found.

4.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(J) and the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334.

5.

Plaintiffs consent to the entry of any final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6.

Venue is proper pursuant to 28 U.S.C. § 1409(a).

## II. PROCEDURAL AND FACTUAL BACKGROUND

7.

The claims in this Complaint arise from Defendant's conduct, which is the subject of previous litigation and a final judgment entered in favor of Plaintiffs and against Defendant in the Superior Court of DeKalb County, Georgia (the "Superior Court"), Civil Action No. 17CV7642 (the "Superior Court Action").

8.

Beginning in 2011, Defendant and his then-existing law firm began providing legal and financial advice to McDonald.

9.

In March 2012, Defendant and his law firm formed Troy Holdings, LLC. Defendant encouraged McDonald to provide funds to Troy Holdings as an investment vehicle.

10.

Over the course of approximately 5 years, from 2012 through 2017, McDonald provided over $300,000 to Troy Holdings.

11.

Over the course of approximately 5 years, from 2012 through 2017, Defendant represented to McDonald that Troy Holdings was achieving 10% returns on the money provided by McDonald.

12.

Over the course of approximately 5 years, from 2012 through 2017, Defendant represented to McDonald that McDonald was a 75% owner of Troy Holdings.

13.

Over the course of approximately 5 years, from 2012 through 2017, McDonald repeatedly requested that Defendant provide a copy of the Operating Agreement of Troy Holdings. Despite repeated requests, Defendant never provided McDonald with any Operating Agreement of Troy Holdings.

14.

Over the course of approximately 5 years, from 2012 through 2017, McDonald repeatedly requested that Defendant provide financial statements and investment records of Troy Holdings. Despite repeated requests, Defendant failed and refused to provide McDonald with the requested financial statements and investment records of Troy Holdings.

15.

Over the course of approximately 5 years, from 2012 through 2017, McDonald requested on numerous occasions that Defendant return portions of the money provided by McDonald to Troy Holdings. Despite repeated requests, Defendant never returned to McDonald any of the money McDonald provided to Troy Holdings.

16.

Over the course of approximately 5 years, from 2012 through 2017, Defendant assisted McDonald with the preparation of tax returns.

17.

McDonald repeatedly requested that Defendant provide McDonald with copies of tax returns prepared and filed on behalf of McDonald. Despite repeated requests, Defendant failed and refused to provide McDonald with copies of tax returns prepared on behalf of McDonald.

18.

Over the course of approximately 3 years, from 2014 through 2017, Defendant represented Collette McDonald regarding her 2013 tax return and a fine/penalty assessed by the Internal Revenue Service with respect to that tax return.

19.

Ms. McDonald repeatedly requested that Defendant provide her with documentation of the dealings with the Internal Revenue Service with respect to the 2013 tax return. Despite repeated requests, Defendant refused to provide Ms. McDonald with the requested documentation of the dealings with the Internal Revenue Service with respect to the 2013 tax return.

20.

Defendant prepared a Last Will and Testament for Collette McDonald.

21.

Ms. McDonald repeatedly requested that Defendant provide her with the original of the Last Will and Testament. Despite her repeated requests, Defendant failed and refused to provide Ms. McDonald with the original of the Last Will and Testament.

22.

Defendant prepared McDonald's 2015 tax returns, which McDonald signed.

23.

Defendant falsely represented to McDonald that the 2015 tax returns had been filed on McDonald's behalf.

24.

In fact, Defendant did not file McDonald's 2015 tax returns.

25.

As a result of Defendant's actions, Plaintiffs suffered damages including lost investment funds in an amount exceeding $300,000.00.

26.

On July 14, 2017, Plaintiffs filed a Complaint in the Superior Court of DeKalb County, Georgia initiating the Superior Court Action.  A true and correct copy of the Complaint is attached as Exhibit 1 and is incorporated by reference.

27.

The Complaint included eight counts: Count I – Simple Negligence; Count II – Conversion; Count III – Unjust Enrichment; Count IV – Assumpsit for Money Had and Received; Count V – Replevin; Count VI – Breach of Contract; Count VII – Punitive Damages; and Count VIII – Attorney's Fees and Expenses. (Ex. 1.)

28.

On October 23, 2017, the Superior Court entered its Order Granting Plaintiffs' Motion for Default Judgment against Defendant, his law firm and Troy Holdings.  A true and correct copy of the October 23, 2017 Order is attached as Exhibit 2 and is incorporated by reference.

29.

In its order the Superior Court found, *inter alia,* that McDonald was entitled to judgment by default as if every allegation in the Complaint were supported by proper evidence.  (Ex. 2 p. 1.)

30.

The complaint alleges, *inter alia,* that Defendant, without authorization, assumed ownership over McDonald's funds, used money from McDonald for Defendant's own purposes, and improperly used funds provided by McDonald.  (Ex. 1 ¶¶ 34, 38-39.)

31.

On December 4, 2017, the Superior Court entered a Final Judgment (the "Judgment") entering judgment against Defendant, his law firm and Troy Holdings in the amount of $623,577.00 plus court costs.  Post-judgment interest has been accruing on the Judgment. A true and correct copy of the December 4, 2017 Judgment is attached as Exhibit 3 and is incorporated by reference.

32.

The award of damages in the Judgment included an award for Plaintiff's attorney's fees, due to Defendant's bad faith and other misconduct.

33.

In or about November 2018, Plaintiffs received the funds from a garnishment of Defendant's bank account in the amount of $1,331.69. That amount was applied to the principal balance on the judgment.

34.

Defendant filed for relief under Chapter 13 of Title 11 of the United States Code on November 4, 2019 (the "Petition Date").

35.

As of the Petition Date, Defendant remains indebted to McDonald as a result of Defendant's actions and under the Judgment in the principal amount of $622,245.31, plus post-judgment interest in the amount of $99,708.85 (through February 18, 2020), for a total of $721,954.16.

36.

Defendant has been disbarred by the Supreme Court of Georgia for the conduct complained of by McDonald in the Superior Court Action.

## COUNT ONE:
## NON-DISCHARGEABILITY OF DEBT PURSUANT TO
## 11 U.S.C. § 523(a)(2)

37.

McDonald restates and reasserts the allegations contained in Paragraphs 1 through 36 as if set forth at length herein.

38.

Defendant engaged in actual fraud by making knowing and reckless misrepresentations to Plaintiffs, including by omission, as further described herein.

39.

Defendant made such misrepresentations with the intent to deceive Plaintiffs and to induce Plaintiffs to rely on those misrepresentations to their detriment.

40.

Plaintiffs reasonably relied upon those misrepresentations to their detriment and have been damaged as a result.

41.

Defendant's actions constitute fraud on the part of Defendant for which Plaintiffs are entitled to recover damages.

42.

Pursuant to 11 U.S.C. § 523(a)(2), the debt owed to Plaintiffs by Defendant is not dischargeable.

## COUNT TWO:
## NON-DISCHARGEABILITY OF DEBT PURSUANT TO
## 11 U.S.C. § 523(a)(4)

43.

McDonald restates and reasserts the allegations contained in Paragraphs 1through 36 as if set forth at length herein.

44.

Defendant's actions, as discussed in this Complaint, constitute fraud or defalcation while acting in a fiduciary capacity.

45.

Pursuant to 11 U.S.C. § 523(a)(4), the debt owed to Plaintiffs by Defendant is not dischargeable.

## COUNT THREE:
## NON-DISCHARGEABILITY OF DEBT PURSUANT TO
## 11 U.S.C. § 523(a)(6)

46.

Plaintiff restates and reasserts the allegations contained in Paragraphs 1 through 36 as if set forth at length herein.

47.

Defendant's actions, as discussed in this Complaint, constitute willful and malicious injury to Plaintiffs and to Plaintiffs' property interests.

48.

Pursuant to 11 U.S.C. § 523(a)(6), the debt owed to Plaintiffs by Defendant is not dischargeable.

WHEREFORE, Plaintiffs Collette McDonald and Collette McDonald & Associates, LLC. respectfully request that this Court:

(a) Enter judgment in favor of Plaintiffs and against Defendant Alexander Kahn on all counts in this complaint;

(b) Enter a ruling that the debt owed by Defendant to Plaintiffs is non-dischargeable under 11 U.S.C. § 523(a)(2);

(c) Enter a ruling that the debt owed by Defendant to Plaintiffs is non-dischargeable under 11 U.S.C. § 523(a)(4);

(d) Enter a ruling that the debt owed by Defendant to Plaintiffs is non-dischargeable under 11 U.S.C. § 523(a)(6);

(e) Enter judgment in favor of Plaintiffs and against Defendant for the entirety of Plaintiff's Claim in the principal amount of $622,245.31, plus interest in the amount of $99,708.85 (through February 18, 2020), for a total of $721,954.16; and

(f) Grant such further relief as is just and appropriate.

Respectfully submitted this 18th day of February, 2020.

      <u>*/s/ Deborah Shelles Cameron*</u>
      LAWRENCE B. DOMENICO
      Georgia State Bar No. 003260
      DEBORAH SHELLES CAMERON
      Georgia State Bar No. 105369
      *Attorneys for Plaintiffs*

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338
(404) 256-0700
ldomenico@mfllaw.com
dcameron@mfllaw.com