IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**ALEXANDER ELLIOTT KAHN** and **KATHERINE ELIZABETH KAHN** | Chapter 13<br><br>Case No. 19-67743-SMS |
| **COLLETTE MCDONALD** and **COLLETTE MCDONALD & ASSOCIATES, LLC,**<br><br>　　PLAINTIFFS,<br><br>v.<br><br>**ALEXANDER ELLIOTT KAHN,**<br><br>　　DEFENDANT. | Adversary Proceeding<br><br>Case No.: 20-06041-SMS |

## REPORT OF RULE 26(f) CONFERENCE

　　The conference held pursuant to FED. R. CIV. P. 26(f) and BLR 7016-1 on May 12, 2020, which was attended by:

　　For Plaintiff: Deborah Shelles Cameron, Esq.

　　For Defendant: Michael R. Rethinger, Esq.

1. **Initial Disclosures**. (Include one or more of the following, modified as appropriate.)

[X]  The parties will make the initial disclosures required by FED. R. CIV. P. 26(a)(1) by **May 26, 2020.**

[ ]  The parties agree to provide disclosures as follows *[or as shown on the attached exhibit*_____

[ ]  The parties have agreed not to make initial disclosures and to waive the requirements of FED. R. CIV. P. 26(a)(1) with regard to same.

2. **Discovery Plan**. The parties jointly propose to the Court that discovery shall be completed by **October 30, 2020,** as further shown on the attached exhibit, subject to modification by the Court with the consent of the parties or for good cause shown.

3. **Other items**. [Use separate paragraphs or subparagraphs as necessary if parties disagree.]

(a) The parties shall submit a consolidated pretrial order no later than **November 30, 2020.**

(b) Unless further ordered by the Court, Plaintiff will be allowed until May 26, 2020 to join additional parties and until May 26, 2020 to amend the pleadings.

(c) Unless further ordered by the Court, Defendant will be allowed until June 9, 2020 to join additional parties and until June 9, 2020 to amend the pleadings.

(d) All dispositive motions, including Motions for Summary Judgment, will be filed by November 30, 2020.

4. **Settlement Potential**.

(a) The parties [X] have [ ] have not discussed settlement.

(b) The parties [X] do [ ] do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is Undetermined at this time.

(c)  The parties [ ] have [X] have not considered alternative dispute resolution.

(d) Settlement prospects may be enhanced by one of the following alternative dispute resolution procedures *[check applicable boxes]*: [ ] Mediation; [ ] Judicial settlement conference; [ ] Early neutral evaluation; [ ] Other

5. Identify any other matters regarding this Court's authority or jurisdiction, discovery or case management that may require the Court's attention (*e.g.*, concerns about confidentiality; the need for protective orders; unmovable scheduling conflicts).  If this is not a core proceeding, do the parties consent to this Court entering a final judgment on any non-core matters in the proceeding? _____

6.  Any other matters not covered above: _____

7.  Whether the parties [ ] do [X ] do not request a conference with the court prior to entry of the scheduling order. Any such conference may be [ ]by telephone [ ]in chambers [ ] in court.

| | |
|---|---|
| /s/  *Deborah Shelles Cameron* | /s/  *Michael R. Rethinger* |
| Lawrence B. Domenico, Esq. | Michael R. Rethinger, Esq. |
| Georgia Bar No. 003260 | Georgia Bar No. 301215 |
| Deborah Shelles Cameron, Esq. | (*by Deborah Shelles Cameron with express permission*) |
| Georgia Bar No. 105369 | Law Office of Michael R. Rethinger |
| Mozley, Finlayson & Loggins LLP | 50 Hurt Plaza, SE, Suite 1150 |
| 1050 Crown Pointe Parkway, Suite 1500 | Atlanta, Georgia  30303 |
| Atlanta, Georgia 30338 | T:  770.922.0066 |
| dcameron@mfllaw.com | michael@rethingerlaw.com |
| T:  404.256.0700 | |
| ldomenico@mfllaw.com | *Counsel for Defendant* |
| dcameron@mfllaw.com | |
| | |
| *Counsel for Plaintiff* | |

**Exhibit to Report of Rule 26(f) Conference**

**1.     Initial Disclosures**

The parties agree to provide initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) as follows *[Describe the agreement concerning initial disclosures, including what information will be disclosed and at what time]*:

(a)     Plaintiff's disclosures:  Initial disclosures as set forth in Appendix B of the U.S. District Court Rules, Northern District of Georgia.  Disclosures shall be made by May 26, 2020.

(b)     Defendant's disclosures:  Initial disclosures as set forth in Appendix B of the U.S. District Court Rules, Northern District of Georgia.  Disclosures shall be made by May 26, 2020.

**2.     Discovery Plan**

(Modify as appropriate; use separate paragraphs or subparagraphs as necessary if the parties disagree.)

(a) Discovery will be needed on the following subjects**:** *Liability, damages, breach of fiduciary duty, issues relating to dischargeability of Plaintiff's claim*

(b) All discovery will be commenced in time to be completed by  **October 30, 2020.**  Discovery on            N/A            *[Describe any subjects on which early discovery will be needed, if applicable]* will be completed by  .

(c) Each party may propound a maximum of 25 interrogatories to any other party. Responses to interrogatories are due 30 days after service by email.

(d) Each party may submit a maximum of 25 requests for production of documents to any other party. Objections to production of documents are due 30 days after service by email.

(e) Each party may submit a maximum of 25  requests for admission to any other party. Responses to requests for admission due 30 days after service by email.

(f) Depositions shall be limited to 5 depositions by plaintiff and 5 depositions by defendant.

(g) Each deposition is limited to a maximum number of 7 hours unless extended by agreement of the parties, except for the depositions of N/A.

(h) Reports from retained experts under FED. R. CIV. P. 26(a)(2) are due from plaintiff by August 31, 2020 and from defendant by September 30, 2020.

(i) Supplementations under FED. R. CIV. P. 26(e) due as follows: within 10 days of knowledge of need to supplement, and no later than submission of consolidated pre-trial order.